**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **JAMES THOMAS CARLAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:26-CV-228 (MTT)** |
| ) | |
| **CITY OF BYRON, GEORGIA, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

On June 5, 2026, Plaintiff James Thomas Carlan, proceeding pro se, filed his complaint against over fifteen defendants, both municipalities and individuals, arising from the development of a data center in Crawford County. ECF 1 ¶ 35. That same day, he filed a motion to proceed *in forma pauperis* ("IFP") and a motion for a temporary restraining order. ECF 2; 4. For the following reasons, Carlan's motion to proceed IFP (ECF 2) is **GRANTED**. But Carlan has not sufficiently alleged he has standing to assert his claims, and it appears that his complaint has several additional deficiencies. Thus, Carlan is **ORDERED** to amend his complaint by **August 4, 2026**.

## I. DISCUSSION

### A. Motion to Proceed IFP

28 U.S.C. § 1915(a) governs motions to proceed IFP. It provides:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such

prisoner possesses that the person is unable to pay such fees or give security therefor.[1]

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation modified). A plaintiff is not required to show he is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Rather, it "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

The Court has reviewed Carlan's IFP affidavit. Carlan's affidavit establishes that he cannot pay the court fees without undue hardship. ECF 2. Thus, Carlan's motion to proceed IFP (ECF 2) is **GRANTED**.

## B. Frivolity Review

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (citation modified). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Carlan is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.*" In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

Carlan's claims arise from the development of a datacenter on a 500-acre tract of land that spans across Crawford County and Peach County, Georgia. ECF 1 ¶¶ 34, 38. According to Carlan, this land "sits atop vital regional aquifers and critical wildlife habitats." *Id.* ¶ 34. Carlan alleges that Houston County, where he resides, has built an industrial water storage tank designed to feed the data center development. *Id.* ¶ 42. Carlan alleges the water tank has leaked, "threatening the stability of the local water table, risking sinkholes, and wasting millions of gallons of public water" and causing increased utility bills. *Id.* ¶ 44. Based on these occurrences, and similar issues in other areas such as Coweta and Crawford Counties (ECF 1 ¶¶ 45-46), Carlan brings the following claims: (1) breach of the public trust doctrine; (2) violation of reserved natural rights; (3) violation of the federal endangered species act; and (4) unconstitutional exercise of eminent domain and selective enforcement. *Id.* ¶¶ 49-69. Carlan seeks certification of this proceeding as a class action.[3] *Id.* at 11. As relief, Carlan requests declaratory judgment and various injunctions. *Id.*

Here, it appears that several of Carlan's claims fail to state a legal cause of action or fail to plausibly allege that any named defendants are responsible for the

---

[3] Carlan, as a pro se litigant, cannot represent the interest of others or litigate on their behalf. *See Bass v. Benton*, 408 F. App'x 298, 298-99 (11th Cir. 2011) (holding that an inmate cannot assert a class action because the right to represent oneself "does not extend to the representation of others."); *Tamayo v. Social Security Administration*, 2021 WL 7542967, at *1 (S.D. Fla. 2021) ("[P]ro se litigants cannot serve as adequate class representative because they are unable to protect the interests of the class."). Thus, any request to certify this action as a class action is **DENIED**.

alleged legal violations.[4] But before the Court can determine whether Carlan has stated a claim, the Court must address subject matter jurisdiction. "[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a federal court determines that it is without jurisdiction, the court is powerless to continue." *Id.* "Standing is a jurisdictional inquiry, and a 'party invoking federal jurisdiction bears the burden' of establishing that he has standing to sue." *American Civil Liberties Union of Fla., Inc. v. Dixi Cnty., Fla.*, 690 F.3d 1244, 1247 (11th Cir. 2012) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). To establish Article III standing, "a plaintiff must demonstrate (1) an injury-in-fact; (2) a causal connection between the asserted injury-in-fact and the defendant's actions; and (3) that 'the injury will be redressed by a favorable decision.'" *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1229 (11th Cir. 2021) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)). "And 'because injunctions regulate future conduct, a party has standing to seek injunctive relief' only if his injury in fact is 'a real and immediate— as opposed to a merely conjectural or hypothetical—threat of *future* injury.'" *Williams v. Reckitt Benckiser, LLC*, 65 F.4th 1243, 1253 (11th Cir. 2023) (citation modified). Moreover, "[T]he injury in fact test … requires that the party seeking review be himself among the injured." *Lujan*, 504 U.S. at 563.

---

[4] For example, in Count One, Carlan alleges the Defendants "breached their fiduciary duty as trustees of the public estate." ECF 1 ¶ 50. But he does not explain which Defendants breached their alleged duties and, more importantly, he cites no authority creating a cause of action for this alleged breach of fiduciary duty. And Count Two simply explains Carlan's interpretation of the Ninth and Tenth Amendments. *See Id.* ¶¶ 51-53. But he fails to state how each Defendant's actions violate the Ninth and Tenth Amendments.

Here, Carlan's complaint has failed to allege that he is among the injured parties, and, thus, the Court is doubtful he has standing to bring his claims. In his section titled "The Plaintiff and Standing," Carlan alleges that he resides and owns property in Houston County, Georgia, which is adjacent to "the local military installation." ECF 1 ¶ 26. He also alleges that he has been charged for "unrendered" water and trash services, that his water supply was terminated at some point, and that "local detention authorities refused to accommodate his religious dietary and water needs" during a 12-day period in which he was incarcerated. *Id.* ¶¶ 28-29. Those allegations have no causal connection to Carlan's asserted legal claims. Moreover, Carlan does not demonstrate that his requested relief, which concerns the development of the Crawford and Peach County data centers and Houston County's provision of water to the data center, would redress those injuries.

Apart from Carlan's seemingly unrelated personal injuries, he has not shown that he is among the injured parties. Carlan alleges that the Defendants breached their fiduciary duties "as trustees of the public estate;" that the Defendants violated the Ninth and Tenth Amendment by depleting water tables; that the Defendants have violated the Federal Endangered Species Act by interfering with the habitats of Gopher Tortoises and Eastern Indigo Snakes; and that the Defendants have violated various constitutional amendments by abusing their power to create zoning ordinances and seize land. ECF 1 ¶¶ 64-69. These are no more than "generally available grievance[s] about government, unconnected with a threatened concrete interest" of Carlan. *Lujan*, 504 U.S. at 556. Accordingly, Carlan's complaint does not demonstrate he has standing to assert his claims.

-6-

However, given Carlan's pro se status, the Court will afford him an opportunity to amend his complaint to properly allege standing and to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

For these reasons, Carlan is **ORDERED** to amend his complaint to include all facts that he wishes to make a part of these proceedings and cite the appropriate statutory or constitutional authority for bringing his claims. Carlan shall have until **August 4, 2026,** to file his amended complaint.

In the "statement of claims" section of his amended complaint, Carlan must link any claims he makes to a named defendant. If Carlan fails to link a named defendant to a claim, the claim will be dismissed; if Carlan makes no allegations in the body of his complaint against a named defendant, that defendant will be removed from the action.

Carlan must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his rights under a specific law. It is also recommended that, when drafting his "statement of claims," Carlan list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Carlan injured as a result of each defendant's actions?

The amended complaint will take the place of and supersede Carlan's original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013). Carlan may not refer to, or incorporate by reference, his previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

After the plaintiff files his amended complaint, the Court will conduct a frivolity review and, if necessary, dismiss any claims pursuant to 28 U.S.C. § 1915(e)(2)(B). No defendant shall be served until after the Court completes its frivolity review of the amended complaint.[5]

**C. Fed. R. Civ. P. 11 Obligations**

The Court informs Carlan of his obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs Carlan's representations to the Court.

> By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[5] Carlan has moved for service immediately upon granting his motion to proceed IFP. ECF 3. He contends that Federal Rule of Civil Procedure 4(c)(3) mandates that courts must order service if the plaintiff is authorized to proceed IFP. However, under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss claims that are frivolous, fail to state a claim, or seek monetary relief against a defendant who is immune. Thus, Carlan's motion for service of process (ECF 3) is **DENIED**. If the Court determines the claims asserted in Carlan's amended complaint are not frivolous, it will then order service.

(2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)   the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

**D. Artificial Intelligence**

Finally, the Court has seen a marked increase in the use of artificial intelligence ("AI") by unrepresented parties, who may not understand fully their pleading obligations. To assist Carlan in meeting his pleading obligations, the Court **ORDERS** the following:

**In all pleadings, including Plaintiff's amended complaint, Plaintiff shall include a signed statement disclosing whether Plaintiff used AI to assist in the preparation of and drafting of the pleading. Plaintiff need not disclose specifically how Plaintiff used AI. The statement shall also certify that Plaintiff has verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph shall result in sanctions, including, if appropriate, dismissal of this lawsuit.**

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Carlan's motion to proceed IFP (ECF 2) is **GRANTED**, and Carlan is **ORDERED** to amend his complaint no later than **August 4, 2026**.

**SO ORDERED**, this 17th day of July, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT