**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JAMES THOMAS CARLAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-CV-228 (MTT)** |
| | ) | |
| **CITY OF BYRON, GEORGIA, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

Pro se plaintiff James Thomas Carlan filed this lawsuit against the City of Byron, Georgia, the City of Warner Robins, Georgia, the Peach County Board of Commissioners, the Houston County Board of Commissioners, the Developmental Authority, Ergonx Industrial Park, Holding Company LLC, Beltline Energy, Mayor Michael Chidester, Mayor Larhonda Patrick, six other named individuals, as well as "ABC Corporations 1–10" and "John Doe Entities 1–10." ECF 1. Carlan also moved to proceed *in forma pauperis* ("IFP"). ECF 2. The Court granted Carlan's motion to proceed IFP and ordered Carlan to file an amended complaint no later than September 17, 2026.[1] ECF 8.

The time for compliance passed without a response from Carlan. As a result, Carlan was ordered to respond and show cause why his lawsuit should not be dismissed for failing to follow the Court's orders and instructions. ECF 9. Carlan was

---

[1] The Court initially ordered Carlan to amend his complaint by August 4, 2026. ECF 5. On August 27, 2026, however, the Court learned that Carlan had not been served with that order. ECF 8. Accordingly, the Court granted Carlan an additional 21 days to amend his complaint. *Id.*

given until October 2, 2026, to comply with the Court's orders and instructions and warned that failure to comply could result in dismissal of this action. *Id*.

The time for compliance has again passed without a response from Carlan.[2] As Carlan was previously warned, the failure to comply with the Court's orders and instructions is grounds for dismissing this case. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978))[3]. Accordingly, Carlan's complaint (ECF 1) is **DISMISSED without prejudice**.

**SO ORDERED**, this 29th day of October, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

[2] The Court's September 25, 2026 show cause order was returned as undeliverable. ECF 10. But the Court's order to amend (ECF 5), which the Clerk mailed again on August 27, 2026, was not returned. Moreover, Carlan has a duty to prosecute his case. *Brown*, 205 F. App'x at 802.

[3] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).